## Laxmi PUN, Petitioner,

### v.

## Michael B. MUKASEY,* Attorney General, Respondent.

### No. 05–76648.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007 **.

Filed Nov. 19, 2007.

___

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Robert C. Dalton, Esq., San Francisco, CA, U.S. Department of Justice Organized Crime and Racketeering Section, James E. Grimes, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC for Respondent.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*\*

Laxmi Pun, a native and citizen of Nepal, appeals the denial of her application for asylum, for withholding of removal, and relief under the Convention Against Torture. We deny the petition.

Pun did not establish either past persecution or a well-founded fear of future persecution based on any of the 8 U.S.C. § 1101(a)(4) grounds. Substantial evidence supports the BIA's finding that the robbery was not proved to have occurred. And if it did occur, substantial evidence supports the BIA's conclusion that Pun was robbed for the money and not because of her actual or imputed political opinion.

The standard for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) is more stringent than the standard for asylum.[1] Therefore, Pun's failure to prove she is eligible for asylum necessarily fails to satisfy the standard for withholding of removal.[2]

Substantial evidence supports the finding that Pun has not shown that she is more likely than not to be targeted for torture if she returns to Nepal.

The petition is **DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996).

2. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).